UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/22/2022

---

WENDY HARTE,

               Plaintiff,

      -against-

PACE UNIVERSITY; DR. SARAH
BLACKWOOD; DR. STEPHANIE HSU,

              Defendants.

1:22-CV-3820 (ALC)

ORDER OF SERVICE

---

ANDREW L. CARTER, JR., United States District Judge:

     Plaintiff Wendy Harte, who appears *pro se*, brings this action asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, as well as claims under state law. She sues: (1) Pace University ("Pace"); (2) Dr. Sarah Blackwood, an associate professor of English and, at all times relevant, the interim chairperson of Pace's English department; and (3) Dr. Stephanie Hsu, an associate professor at Pace and, at all times relevant, Pace's American Studies program director. Plaintiff seeks declaratory relief and damages.[1]

     By order dated June 10, 2022, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on the defendants.

## DISCUSSION

     Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Plaintiff also asserts that she seeks equitable relief, but does not specify what type of equitable relief she seeks.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the U.S. Marshals Service,

the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return

form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals

Service to effect service upon the defendants.

If the complaint is not served within 90 days after the date the summonses are issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if her address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants;

(2) complete USM-285 forms with the service addresses of the defendants; and (3) deliver all

---

and ordered that summonses be issued. The Court therefore extends the time to serve until 90
days after the date summonses are issued.

documents necessary to effect service of a summons and the complaint on each defendant to the

U.S. Marshals Service.

SO ORDERED.

Dated:    June 22, 2022
          New York, New York

_____
          ANDREW L. CARTER, JR.
          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Pace University
   One Pace Place
   New York, New York 10038

2. Dr. Sarah Blackwood
   Pace University
   One Pace Place
   New York, New York 10038

3. Dr. Stephanie Hsu
   Pace University
   One Pace Place
   New York, New York 10038