UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WENDY HARTE,

                       Plaintiff,

      Case No. 1:22-cv-03820-ALC

   -against-

PACE UNIVERSITY, MR. MARVIN KRISLOV, DR.
SARAH BLACKWOOD, DR. STEPHANIE HSU, MS.
BERNADETTE BAUMANN, and MS. SIA BUNDOR

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARVIN KRISLOV'S MOTION TO DISMISS**

**BOND, SCHOENECK & KING, PLLC**

By:  Rebecca K. Kimura, Esq.
Mallory A. Campbell, Esq.
*Attorneys for Defendants, Pace University, Mr. Marvin Krislov, Dr. Sarah Blackwood,
Dr. Stephanie Hsu, Ms. Bernadette Baumann and Ms. Sia Bundor*
600 Third Avenue
New York, New York 10016-1915
Email address:  rkimura@bsk.com
Telephone:  646-253-2309
Facsimile:  646-253-2301

Dated:   May 26, 2023

15979129.1 5/26/2023

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL ALLEGATIONS ..................................................................................................... 2

ARGUMENT ............................................................................................................................... 8

    POINT I      STANDARD ON MOTION TO DISMISS ....................................................... 8

    POINT II     THE COMPLAINT FAILS TO STATE A CLAIM FOR DISCRIMINATION OR RETALIATION UNDER SECTION 1981 AGAINST MR. KRISLOV .................................................................. 8

    POINT III    THE COMPLAINT FAILS TO STATE A CLAIM FOR DISCRIMINATION OR RETALIATION UNDER TITLE VII AGAINST MR. KRISLOV .................................................................. 10

    POINT IV    THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST MR. KRISLOV .................................................................................... 11

    POINT V     THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST MR. KRISLOV .................................................................................... 12

    POINT VI    THE COMPLAINT FAILS TO STATE A CLAIM UNDER NEW YORK STATE COMMON LAW FOR DEFAMATION PER SE AGAINST MR. KRISLOV .................................................................. 13

    POINT VII   THE ENTIRE COMPLAINT SHOULD BE DISMISSED AS TO MR. KRISLOV AND PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND .................................................................. 15

CONCLUSION .......................................................................................................................... 16

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................8

*Bishop v. Best Buy Co.*,
  No. 08 Civ. 8427 (LBS), 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) ...................................9

*Bouveng v. NYG Capital LLC*,
  175 F.Supp.3d 280 (S.D.N.Y. 2016) .......................................................................................14

*Crowley v. VisionMaker LLC*,
  512 F.Supp.2d 144 (S.D.N.Y. 2007) .......................................................................................15

*Davis-Bell v. Columbia Univ.*,
  851 F.Supp.2d 650 (S.D.N.Y. 2012) .......................................................................................13

*Domino's Pizza, Inc. v. McDonald*,
  546 U.S. 470 (2006) ..................................................................................................................9

*Donovan v. American Skandia Life Assurance Corp.*,
  217 F.R.D. 325 (S.D.N.Y. 2003) ............................................................................................15

*Feingold v. New York*,
  366 F.3d 138 (2d Cir. 2004) ....................................................................................................13

*Frederick v. Passfeed, Inc.*,
  No. 21-CV-2066, 2022 WL 992798 (S.D.N.Y. Mar. 31, 2022) ..............................................13

*Gomez v. City of New York*,
  No. 12-CV-6409, 2014 WL 4058700 (S.D.N.Y. Aug. 14, 2014) .............................................9

*Keiler v. Harlequinn Enters, Ltd.*,
  751 F.3d 64 (2d Cir. 2014) ......................................................................................................15

*Novio v. New York*,
  286 F.Supp.3d 566 (S.D.N.Y. 2017) .......................................................................................11

*Patterson v. Cnty. of Oneida*,
  375 F.3d 206 (2d Cir. 2004) ....................................................................................................10

*Rodriguez v. Town of Ramapo*,
    412 F.Supp.3d 412 (S.D.N.Y. 2019) ................................................................................. 11

*Stern v. Cosby*,
    645 F.Supp.2d 258 (S.D.N.Y. 2009) ................................................................................. 14

*Stevens v. New York*,
    691 F.Supp.2d 392 (S.D.N.Y. 2009) ................................................................................... 9

**Statutes**

42 U.S.C. Section 1981 ............................................................................................. 1, 8, 9, 10

Civil Rights Act of 1964 Title VII .............................................................................. 1, 10, 11

New York City Human Rights Law ............................................................................. 1, 12, 13

New York Executive Law § 296 ............................................................................. 1, 11, 12, 13

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................ 1, 2, 8

Federal Rules of Civil Procedure Rule 15(a) ......................................................................... 15

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Defendant Marvin Krislov ("Mr. Krislov"), by and through his attorneys, Bond, Schoeneck & King, PLLC, in support of his Motion to Dismiss the Second Amended Complaint of Plaintiff Wendy Harte ("Plaintiff") filed on April 14, 2023 [ECF No. 57 "SAC")], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff is an Assistant Adjunct Professor at Pace University ("Pace") who was removed from an Introduction to Critical Race and Ethnicity class for the remainder of the Spring 2021 semester for severe pedagogical and administrative failures. Plaintiff asserts seven causes of action against all Defendants: (1) race discrimination under 42 U.S.C. Section 1981; (2) retaliation under 42 U.S.C. Section 1981; (3) race discrimination under Title VII; (4) retaliation under Title VII; (5) race discrimination and retaliation under the New York State Human Rights Law ("NYSHRL"); (6) race discrimination and retaliation under New York City Human Rights Law ("NYCHRL"); and (7) defamation per se under New York State common law. None of these claims have been sufficiently alleged against Defendant Krislov.[1]

Notably, this is Plaintiff's second attempt to bring claims against Mr. Krislov.[2] By letter dated December 22, 2022, Defendants pointed out the defects in Plaintiff's prior Complaint in anticipation of filing motions to dismiss the claims. [ECF No. 38] Despite this, Plaintiff failed to cure the identified deficiencies and is still unable to state any cognizable claim for relief against Mr. Krislov. Although Plaintiff adds more references to Mr. Krislov in the SAC, including an

---

[1] All other Defendants have separately moved to dismiss the claims in the Second Amended Complaint against them. Mr. Krislov hereby adopts by reference all relevant arguments made by all other defendants in this action.

[2] The original Complaint was not brought against Mr. Krislov.

entire section dedicated to Mr. Krislov [SAC ¶ 348-354], the allegations consist of purely unsupported speculations, conclusion and theories, and contain no factual assertions supporting claims of race discrimination, retaliation or defamation. The SAC is therefore devoid of any plausible claims against Mr. Krislov, and all causes of action should be dismissed against Mr. Krislov for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL ALLEGATIONS

Pace is a private, non-profit, four-year university in New York City. [SAC ¶ 11]. Defendant Krislov is the President of Pace [*Id.* ¶ 8]. Defendant Sarah Blackwood ("Dr. Blackwood") is an Associate Professor and was the interim Chairperson of the English Department at Pace. [*Id.* ¶ 9]. Defendant Stephanie Hsu ("Dr. Hsu") is an Associate Professor and was the Director of the American Studies Program at Pace. [*Id.* ¶ 10]. Defendant Bernadette Baumann ("Ms. Baumann") is the Executive Director of Employee and Labor Relations and was the Title IX Investigator in 2020 at Pace. [*Id.* ¶ 12]. Defendant Sia Bundor ("Ms. Bundor") is the Assistant Director of Employee and Labor Relations at Pace. [*Id.* ¶ 13]. Plaintiff is an Assistant Adjunct Professor at Pace. [*Id.* ¶ 7].

Despite Plaintiff's fifty (50) page SAC containing 416 paragraphs of allegations, there are very few facts relevant to the seven causes of action. Plaintiff's claims arise from an Introduction to Critical Race and Ethnicity Studies ("CRES") class she taught during the Spring 2021 semester, via Pace's remote teaching platform, Zoom. [*Id.* ¶ 101]. During this class, Plaintiff alleges that some students yelled at her and otherwise disrupted and interrupted her class. [*Id.* ¶ 102]. The students also accused Plaintiff of interrupting students when they spoke. [*Id.* ¶ 107].

Plaintiff alleges that on February 8, 2021, the student bullying on Zoom was so severe that she sent a class-wide announcement on the online communication platform for students to be

2

respectful of her. [*Id.* ¶ 104]. Plaintiff alleges that on February 10, 2021, students were using the Zoom chat to start conversations amongst themselves and Plaintiff attempted to stop the students from using the chat function. [*Id.* ¶¶ 108-110]. The next day, February 11, 2021, Plaintiff allegedly made a verbal complaint to Dr. Hsu. [*Id.* ¶ 121]. During this conversation, Plaintiff allegedly asked Dr. Hsu to speak to the students, which Dr. Hsu allegedly refused to do. [*Id.* ¶ 122-123]. Dr. Hsu however allegedly agreed to review a draft email that would be sent to some of the students, inviting them to meet with Dr. Hsu to discuss their behavior. [*Id.* ¶ 123]. Dr. Hsu allegedly did not immediately respond to a draft email, so on February 12, 2021, Plaintiff sent out a class-wide announcement to the CRES class regarding the bullying of her, along with Plaintiff's own anti-bullying policy, and separate emails to five particular students inviting them to talk with Dr. Hsu. [*Id.* ¶¶ 124-125].

On February 16, 2021, Dr. Hsu reached out to Plaintiff via email after being contacted by several students in Plaintiff's CRES class. [*Id.* ¶ 132]. In her email, Dr. Hsu allegedly told Plaintiff to change the structure of her class to a discussion-based class format where Plaintiff would listen instead of lecturing. [*Id.* ¶ 134]. Dr. Hsu also allegedly told Plaintiff to avoid discourse on white supremacy, and try to deescalate the tension. [*Id.* ¶¶ 139, 143]. Indeed, several students had lodged complaints against Plaintiff, one of which concerned discussions about white supremacists. [*Id.* ¶ 149].

On February 17, 2021, Dr. Hsu allegedly asked Plaintiff to observe her class that day, to which Plaintiff agreed. [*Id.* ¶ 147]. During that class, Dr. Hsu allegedly texted Plaintiff twice to encourage her to let the students lead themselves and ask for other students to respond. [*Id.* ¶¶ 150-151]. After that class, Plaintiff alleges that she met with Dr. Hsu via Zoom and requested to speak to Dr. Blackwood about the student bullying and the new class structure. [*Id.* ¶ 154]. Plaintiff

3

alleges that in response, Dr. Hsu told Plaintiff to drop her bullying complaint and that it was Plaintiff that created the atmosphere or energy in class that was being reflected back to her by her students. [*Id.* ¶¶ 155-157]. Dr. Hsu allegedly threatened Plaintiff to "Drop the complaint or students will boycott and teachers will be expelled…but we haven't gotten there yet." [*Id.* ¶ 159].

On February 18, 2021, Plaintiff allegedly met with Dr. Blackwood and Dr. Hsu via Zoom [*Id.* ¶ 165]. At this meeting, Plaintiff alleges she told Dr. Blackwood about the "race-based, anti-black bullying" she claims she experienced from students in the classroom, and Dr. Blackwood repeated Dr. Hsu's recommendation to not teach but let the students speak amongst themselves, which is what Drs. Blackwood and Hsu did in their classes. [*Id.* ¶¶ 167, 171]. Dr. Blackwood however agreed to Plaintiff's request to record her last two upcoming lectures, where there would be no interaction with students, and the students could speak amongst themselves about the work the next day following each of the two lectures. [*Id.* ¶ 173].

Dr. Blackwood also introduced Plaintiff to Tiffany Hamilton ("Ms. Hamilton"), the Chief Diversity Coordinator and Associate Vice President for Diversity and Inclusion at Pace. [*Id.* ¶¶ 175-176]. On February 19, 2021, Dr. Hsu sent an email to Ms. Hamilton, which was reviewed and approved by Plaintiff, regarding the dynamic in Plaintiff's class. [*Id.* ¶ 179]. On February 25, 2021, Plaintiff met with Ms. Hamilton via Zoom. [*Id.* ¶ 186]. In this meeting, Plaintiff explained that she was subjected to race-based, anti-black bullying by students. [*Id.* ¶ 187]. Thereafter, Plaintiff alleges that Ms. Hamilton suggested that Plaintiff establish a "Community agreement" with her students, in which Plaintiff declined to participate but thought the students would benefit from such an agreement. [*Id.* ¶ 189-190].

On March 3, 2021, Plaintiff alleges that another "disturbing incident" occurred in her class, which she reported to Ms. Hamilton. [*Id.* ¶ 192]. Ms. Hamilton referred Plaintiff to Dean Todd

4

Smith-Bergollo ("Mr. Smith-Bergollo"), interim Senior Associate Dean for Students at Pace, and told Plaintiff that she could no longer assist her. [*Id.* ¶¶ 192-193]. That same day, Plaintiff emailed Mr. Smith-Bergollo and detailed the alleged race-based, anti-black bullying from students, and asked for help with one particular student whom Plaintiff believed was the apparent leader of the bullying attacks against her. [*Id.* ¶¶ 196-197]. Plaintiff alleges that Mr. Smith-Bergollo agreed to speak to that student, and agreed to meet with Plaintiff via Zoom. [*Id.* ¶ 198]. However, since Plaintiff had requested a Union representative at the meeting, Varise Cooper ("Ms. Cooper"), the then Vice-President of the UAFP, agreed to accompany Plaintiff to that meeting. [*Id.* ¶¶ 199, 201].

On March 5, 2021, Plaintiff alleges that she informed Dr. Blackwood of her request that Mr. Smith-Bergollo speak with the particular student before she returned to class, and Dr. Blackwood allegedly responded to Plaintiff that she cannot ask a student not to attend class, and that "we may have cause for further meetings next week after you get a chance to meet with the Dean for Students Office." [*Id.* ¶¶ 202-203, 206].

Thereafter, Plaintiff alleges that on March 7, 2021, Dr. Blackwood informed Plaintiff that she would be observing Plaintiff's class. [*Id.* ¶ 208a-208b]. Dr. Blackwood then observed Plaintiff's class via Zoom on March 8, 2021, during which Plaintiff was directed not to interfere with a student's facilitation. [*Id.* ¶¶ 208o, 208p]. After class, the student wrote an email to Plaintiff complaining of Plaintiff's interference, copying Dr. Blackwood to see if she could help "resolve this issue so that we can move forward with the class facilitations appropriately." [*Id.* ¶ 208q]. On March 10, 2021, the same student asked Plaintiff for her grade for the facilitation, and Plaintiff responded that she needed time to consider the student's grade "given her inappropriate race comments." [*Id.* ¶ 208s] That same day, another student also requested her grade for her facilitation, and made a complaint to Dr. Blackwood. [*Id.* ¶¶ 208u-w] Plaintiff alleges that on

5

March 12, 2021, Dr. Blackwood emailed Plaintiff regarding "some concerns from students about their grades," and that they should not have to email Plaintiff to provide grades. [*Id.* ¶¶ 208z, 209]. Plaintiff alleges that Dr. Blackwood and Dr. Hsu continued to observe Plaintiff's classes. [*Id.* ¶ 214, 221]. During these observations either or both intervened by responding to students, handling issues, or using the chat function on Zoom to stop Plaintiff from correcting comments made by students. [*Id.* ¶ 222].

On March 11, 2021, Plaintiff met with Mr. Smith-Bergollo. [*Id.* ¶ 230]. Also present were Ms. Baumann and Varise Cooper ("Ms. Cooper"), Vice President of the Union of Adjunct Faculty at Pace ("UAFP"). [*Id.* ¶ 230]. During this meeting, Plaintiff shared with Mr. Smith-Bergollo the behavior in the classroom by the students, and Dr. Hsu's response. [*Id.* ¶¶ 231-232]. Prior to this meeting, Mr. Smith-Bergollo allegedly told Plaintiff that he would talk to the particular student who Plaintiff believed was the main instigator of the bullying behavior. [*Id.* ¶¶ 239-240]. However, after this meeting, Mr. Smith-Bergollo allegedly told Plaintiff that he would now only speak to the student if Plaintiff had proof of the events that occurred, such as recordings in the classrooms. [*Id.* ¶ 242]. Plaintiff did not have recordings of her class and did not have any further contact with Mr. Smith-Bergollo. [*Id.* ¶¶ 243, 250].

On March 12, 2021, Dr. Blackwood sent Plaintiff an email summoning her to a meeting to discuss ongoing student complaints, Plaintiff's complaints regarding students, and other issues. [*Id.* ¶¶ 252-254]. In this email, Dr. Blackwood informed Plaintiff that "this meeting may lead to disciplinary action." [*Id.* ¶ 254]. On March 18, 2021, Plaintiff met with Dr. Blackwood, Dr. Hsu, and Ms. Baumann. [*Id.* ¶ 257]. Ms. Cooper was also present at this meeting as Plaintiff's Union representative. [*Id.* ¶ 258]. During this meeting, Plaintiff alleges that Dr. Blackwood and Dr. Hsu accused Plaintiff of having faulty perceptions of what occurred in her class, retaliating against the

6

students, and punishing and/or suppressing the students' freedom of speech. [*Id.* ¶ 261]. With regard to allegations of student bullying, Dr. Blackwood stated that "Wendy's perception was that there was something she was calling disruptive behavior on the part of the students," and Dr. Blackwood was open to Plaintiff's description, but Dr. Blackwood did not witness any of it and stated that instead "what I was hearing described seemed to me pretty…, like in the realm of normal student comportment.…" [*Id.* ¶ 263].

Plaintiff alleges that the meeting ended with Dr. Blackwood leaving open the possibility that Plaintiff would be removed from the class. [*Id.* ¶ 288]. After the meeting Dr. Blackwood and Dr. Hsu observed one additional class of Plaintiff's the following week. [*Id.* ¶ 289]. Plaintiff alleges that the students continued bullying her in the online classroom. [*Id.* ¶ 290].

On March 26, 2021, Plaintiff received a letter from Dr. Blackwood removing Plaintiff from her CRES class mid-semester, and she was replaced by Dr. Hsu. [*Id.* ¶ 291]. Plaintiff was paid the balance of her salary for the class. [*Id.* ¶ 291].

On June 11, 2021, Plaintiff received a written evaluation from Dr. Blackwood, giving Plaintiff a "1" out of a possible "5" rating for teaching. [*Id.* ¶ 325]. Plaintiff alleges that this evaluation consisted almost entirely of intentionally false statements. [*Id.* ¶ 326].

Plaintiff alleges that she requested a written grievance be filed on her behalf, but the Union refused, stating that "they saw nothing about which to file a grievance." [*Id.* ¶ 356]. Moreover, the Union's attorney, Harvey Mars, sent Plaintiff an email during the semester in which Plaintiff was allegedly bullied by students stating that there was no cause based on the CBA to warrant an investigation. [*Id.* ¶ 375]. On September 2, 2021, Plaintiff lodged a complaint with the National Labor Relations Board ("NLRB") against Pace and the UAFP. [*Id.* ¶ 357]. Plaintiff alleges that the complaints were dismissed by the NLRB. [*Id.* ¶ 360]. Plaintiff then reported Mr. Mars'

conduct to the New York State Bar on January 6, 2022, and Mr. Mars was found to have done nothing wrong. [*Id.* ¶ 380].

## ARGUMENT

### POINT I

### STANDARD ON MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted).

For the reasons discussed below, Plaintiff fails to state any plausible claim that she is entitled to relief against Mr. Krislov. The SAC therefore should be dismissed in its entirety against Mr. Krislov.

### POINT II

### THE COMPLAINT FAILS TO STATE A CLAIM FOR DISCRIMINATION OR RETALIATION UNDER SECTION 1981 AGAINST MR. KRISLOV

Plaintiff asserts in her First and Second Causes of Action that Defendants discriminated against her on the basis of race, and retaliated against her for making complaints and opposing alleged student bullying of her, in violation of 42 U.S.C. Section 1981 ("Section 1981"). Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(42 U.S.C. § 1981).

Section 1981 protects the rights of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006). Specifically, Section 1981 "offers relief when racial discrimination … impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing…contractual relationship." *Id.* at 476. Thus, to state a claim of discrimination under Section 1981, a plaintiff must show that the defendant intended to discriminate on the basis of race and that such "racial discrimination block[ed] the creation of a contractual relationship" or "impair[ed] an existing contractual relationship." *Id.* at 746; *see Bishop v. Best Buy Co.*, No. 08 Civ. 8427 (LBS), 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010).

To establish a claim of retaliation under Section 1981, a plaintiff mush show that she: (1) participation in a protected activity; (2) Defendants had knowledge of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Gomez v. City of New York*, No. 12-CV-6409, 2014 WL 4058700, at *5 (S.D.N.Y. Aug. 14, 2014) (internal citations and quotation marks omitted) (alteration in original).

However, in order to hold an *individual* liable under Section 1981, "a plaintiff must demonstrate some **affirmative link** to causally connect the actor with the discriminatory action" or retaliation. *Stevens v. New York*, 691 F.Supp.2d 392, 400 (S.D.N.Y. 2009) (citing *Whidbee v.*

9

*Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74 (2d Cir. 2000)) (emphasis added). An individual may be held liable under 1981 only if that individual is "**personally involved** in the alleged deprivation." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004) (emphasis added).

Plaintiff does not allege facts indicating that Mr. Krislov was "personally involved" in any discrimination or retaliation. Although Plaintiff dedicates an entire section in the SAC to Mr. Krislov, the allegations consist of background information on Mr. Krislov, his position at Pace University, and odd facts such as his unveiling of a large banner supportive of a black female student. [*Id.* ¶¶ 348-354]. Plaintiff does not even allege that Mr. Krislov knew her, let alone made any remarks concerning Plaintiff, or had any role in the decision to remove Plaintiff from her class or provide her with a negative teaching evaluation. Other than mere speculation that Mr. Krislov had knowledge of unspecified facts, Plaintiff has failed to point to any personal involvement by Mr. Krislov in the alleged conduct giving rise to her Section 1981 discrimination or retaliation claim. Plaintiff's Section 1981 claims against Mr. Krislov must therefore be dismissed.

## POINT III

### THE COMPLAINT FAILS TO STATE A CLAIM FOR DISCRIMINATION OR RETALIATION UNDER TITLE VII AGAINST MR. KRISLOV

In the Third and Fourth Causes of Action, Plaintiff asserts that Defendants discriminated against her on the basis of race, and retaliated against her for making complaints of alleged student bullying, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from retaliating against an employee

because he/she has opposed an unlawful employment practice or has made a charge, testified, assisted, or participated in an investigation or proceeding.  42 U.S.C. § 2000e-3(a).

However, individuals are not subject to liability under Title VII. *Rodriguez v. Town of Ramapo*, 412 F.Supp.3d 412, 434 (S.D.N.Y. 2019) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 2011 (2d Cir. 2004)). Therefore, Plaintiff's claims for discrimination and retaliation under Title VII against Mr. Krislov must be dismissed as a matter of law.

## POINT IV

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST MR. KRISLOV

In the Fifth Cause of Action, Plaintiff asserts that Defendants discriminated and retaliated against her on the basis of race in violation of the New York Executive Law § 296, known as the New York State Human Rights Law ("NYSHRL"), by subjecting Plaintiff to disparate treatment, removing Plaintiff from her course mid-semester, removing Plaintiff's title on Pace's public online system, and filing a false negative end of year evaluation.  [SAC ¶ 406].

Section 296(1)(a) of the NYSHRL provides that it is unlawful for an employer to discriminate against an individual because of their race and other protected categories. Section 296(7) of the NYSHRL provides that it is unlawful to retaliate against any person because of his or her participation in protected activity. Individuals may be liable if he/she "aids" or "abets" conduct prohibited by the NYSHRL. *See* NYSHRL Section 296(6) ("any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.") However, in order for an individual defendant to be liable under the NYSHRL, the individual defendants must have "<u>actually participated</u> in the conduct giving rise to the discrimination claim" *Novio v. New York*, 286 F.Supp.3d 566, 582 (S.D.N.Y. 2017) (emphasis added).

11

Here again, Plaintiff does not allege that Mr. Krislov "actually participated" in the conduct giving rise to her NYSHRL claim. Plaintiff's claims against Mr. Krislov are purely speculative or are entirely unrelated to Plaintiff's claims of discrimination and retaliation. [*See* SAC ¶¶ 88-97 (discussing Mr. Krislov's statements on Black Lives Matter movement); ¶¶348-354 (general allegations)]. Plaintiff has failed to allege any sufficient factual allegations that Mr. Krislov "actually participated" in conduct giving rise to her NYSHRL claim. As discussed in Section II, above, Plaintiff does not allege that Mr. Krislov even knew her. Accordingly, Plaintiff has not alleged, nor can she allege, that Mr. Krislov made any remarks concerning Plaintiff or her race, had any role in the decision to remove Plaintiff from her CRES course or had any participation in Plaintiff's teaching evaluation. Plaintiff merely speculates that as President of Pace, Mr. Krislov must have had knowledge of unspecified discriminatory and retaliatory acts. Without more, Plaintiff has failed to sufficiently allege that Mr. Krislov had any actual involvement in the alleged conduct giving rise to her NYSHRL discrimination or retaliation claims. Therefore, Plaintiff's claims under the NYSHRL against Mr. Krislov must be dismissed.

## POINT V

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST MR. KRISLOV

In the Sixth Cause of Action, Plaintiff asserts that Defendants discriminated and retaliated against her in violation of the New York City Human Rights Law ("NYCHRL"). Section 8-107 (1)(a)(3) of the NYCHRL provides that it is unlawful for an employer to discriminate against an individual in compensation or in terms, conditions, or privileges of employment because of their race or other protected categories. Section 8-107(7) of the NYCHRL provides that it is unlawful for an employer to retaliate against any person because of his or her participation in a protected activity. The NYCHRL provides that "[i]t shall be an unlawful discriminatory practice for any

12

person to aid, abet, incite, compel or coerce the doing of any of the facts forbidden under this chapter, or to attempt to do so." N.Y.C. Admin. Code § 8-107(6). "The same standard of analysis used to evaluate aiding and abetting claims under the NYSHRL apply to such claims under the NYCHRL because the language of the two laws is virtually identical." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004); *see also, Davis-Bell v. Columbia Univ.*, 851 F.Supp.2d 650, 687 (S.D.N.Y. 2012).

"Under both the NYSHRL and the NYCHRL … 'individual liability…is limited to cases where an individual defendant…<u>actually participates</u> in the conduct giving rise to the plaintiff's [discrimination or] retaliation claim.'" *Frederick v. Passfeed, Inc.*, No. 21-CV-2066, 2022 WL 992798, at *9 (S.D.N.Y. Mar. 31, 2022) (emphasis added) (quoting *Malena v. Victoria's Secret Direct, LLC*, 886 F.Supp.2d 349, 366 (S.D.N.Y. 2012)) (alteration in original).

Accordingly, for the same reasons set forth above in Sections II and IV, Plaintiff does not sufficiently allege that Mr. Krislov "actually participated" in the conduct giving rise to her NYCHRL claims. Indeed, Plaintiff does not even state that Mr. Krislov knew her. Plaintiff fails to identify any comments or conduct showing that Mr. Krislov had any interaction, participation or involvement in Plaintiff's removal from her CRES course or negative teaching evaluation. Plaintiff only makes generalized allegations concerning Mr. Krislov's character and power which are unrelated to Plaintiff's claims of discrimination and retaliation. [*See* SAC ¶ 88-97]. Therefore, Plaintiff's claims under the NYCHRL against Mr. Krislov must be dismissed.

## POINT VI

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER NEW YORK STATE COMMON LAW FOR DEFAMATION PER SE AGAINST MR. KRISLOV

In the Seventh Cause of Action, Plaintiff asserts that Defendants defamed her in violation of New York State common law.

13

"The New York Court of Appeals has recognized four categories of statements as defamatory per se: (1) those that accuse the plaintiff of a serious crime; (2) those that 'tend to injure another in his or her trade, business or profession; (3) those that accuse the plaintiff of having a 'loathsome disease; or (4) and those that impute 'unchastity to a woman.'" *Stern v. Cosby*, 645 F.Supp.2d 258, 288 (S.D.N.Y. 2009) (citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992)).

In addition to proving that each statement constitutes defamation per se, a plaintiff also must prove that: "(1) that statement concerns the plaintiff; (2) one or more of the Defendants communicated the statement to someone other than Plaintiff; (3) the statement is false – i.e., not substantially true; (4) one or more of the Defendants acted at least negligently in publishing the statement; and (5) Plaintiff suffered damages as a result of the publication of the statement." *Bouveng v. NYG Capital LLC*, 175 F.Supp.3d 280, 319 (S.D.N.Y. 2016) (internal citations and quotations omitted).

Here, Plaintiff claims that Defendants, including Mr. Krislov, defamed her by removing her from her course, removing her official professor title on Pace's public online system, and filing a negative end of year evaluation. [*See* SAC ¶ 414]. Plaintiff does not allege that Mr. Krislov made or published any remarks concerning Plaintiff or her race. Nor does Plaintiff alleged that Mr. Krislov had any role in the removal of her professor title on Pace's public online system, nor had any role in Plaintiff's teaching evaluation. Plaintiff does not sufficiently plead any of the necessary requisites for proving a claim for defamation per se. Indeed, Plaintiff does not even allege that Mr. Krislov made any statements at all concerning Plaintiff. Therefore, Plaintiff's claim for defamation per se against Mr. Krislov must be dismissed as a matter of law.

14

## POINT VII

### THE ENTIRE COMPLAINT SHOULD BE DISMISSED AS TO MR. KRISLOV AND PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

The Federal Rules provide that after a responsive pleading is served, a plaintiff may amend her complaint only by leave of the court or by written consent of the opposing party. FED. R. CIV. P. 15(a). While grant or denial of a motion to amend is within the discretion of the district court, *Foman*, 371 U.S. 178, 182 (1962), the court should not grant leave when such amendment would be futile. *See Donovan v. American Skandia Life Assurance Corp.*, 217 F.R.D. 325, 325 (S.D.N.Y. 2003) (holding that "[w]here a proposed amended complaint cannot itself survive a motion to dismiss, [and] leave to amend would be futile, [the claims] may clearly be denied.").

This is now Plaintiff's Second Amended Complaint. It is clear that any further amendment to the Complaint would be futile. It should be noted that in the original complaint, Plaintiff made no reference at all to Mr. Krislov. [ECF No. 2] In the first amended complaint, Plaintiff alleges the same seven causes of action, and simply adds Mr. Krislov as a defendant to the lawsuit, without alleging any facts concerning Mr. Krislov's involvement in any of the alleged unlawful conduct. [ECF No. 10] Now in the SAC, Plaintiff has done nothing more to support her claims against Mr. Krislov than add disparaging and gratuitous comments concerning Mr. Krislov's character, with no factual basis to hold Mr. Krislov responsible for any of the alleged discrimination, retaliation or defamation against Plaintiff. As explained in detail above, Plaintiff does not allege that Mr. Krislov was "personally involved" in any of the alleged unlawful conduct, or even knew of Plaintiff. Instead, Plaintiff's allegations against Mr. Krislov are no more than speculative in nature. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Crowley v. VisionMaker LLC*, 512 F.Supp.2d 144, 151 (S.D.N.Y. 2007); *Keiler v. Harlequinn Enters, Ltd.*,

15

751 F.3d 64, 70 (2d Cir. 2014). Accordingly, the SAC should be dismissed in its entirely as to Mr. Krislov, and Plaintiff should not be granted further leave to amend.

## CONCLUSION

Based on the foregoing, Defendant Marvin Krislov respectfully requests that the Court grant his motion to dismiss the entire Second Amended Complaint and every cause of action against him; together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
May 26, 2023

BOND, SCHOENECK & KING, PLLC

By: ⎯⎯⎯/s/  RKK⎯⎯⎯⎯⎯⎯⎯⎯
Rebecca K. Kimura, Esq.
Mallory A. Campbell, Esq.
*Attorneys for Defendants,*
*Marvin Krislov, Sarah Blackwood,*
*Stephanie Hsu, Bernadette Baumann,*
*and Sia Bundor*
600 Third Avenue, 22nd Floor
New York, New York 10016-1915
Email address:  rkimura@bsk.com
Telephone:  646-253-2309

16

15979129.1 5/26/2023