UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY HARTE,

                Plaintiff,

            v.

PACE UNIVERSITY, et al.,

                Defendants.

**ORDER**

22-CV-03820 (JAV)

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiff Wendy Harte ("Plaintiff"), proceeding *pro se*, filed this action alleging race discrimination, retaliation, and defamation *per se* against her former employer, Pace University, as well as University President Marvin Krislov, Associate Professor Sarah Blackwood, Associate Professor Stephanie Hsu, Title IX Investigator Bernadette Baumann, and Assistant Director of Employee and Labor Relations Sia Bundor ("Defendants"). ECF No. 57, ¶¶ 7-13. On March 29, 2024, Judge Andrew L. Carter issued an Opinion and Order dismissing Plaintiff's racial discrimination, harassment, and defamation *per se* claims, and all claims against Krislov. ECF No. 71 at 1. On February 4, 2025, this case was reassigned from Judge Carter to the undersigned. On February 6, 2025, Plaintiff Wendy Harte filed a motion for leave to amend her complaint and reinstate claims that had previously been dismissed by Judge Carter and to impose sanctions on Defendants. ECF No. 94. On May 1, 2025, the Court denied that motion in an Opinion and Order. ECF No. 105.

    On June 5, 2025, Plaintiff filed two interlocutory appeals to the Second Circuit, challenging the decision from Judge Vargas (ECF No. 105), as well as a discovery order from Magistrate Judge Willis (ECF No. 112). *See* ECF Nos. 114 and 115. That same day, Plaintiff

filed an application to proceed *in forma pauperis* ("IFP") with respect to the appeal from the May 1 Opinion and Order.  ECF Nos. 116, 117, and 118.

In Plaintiff's application to proceed IFP on her interlocutory appeal, she alleges that: (1) the Court did not allow her to amend her Second Amended Complaint and (2) did not impose sanctions against the Defendants.  ECF No. 117 at 1; ECF No. 118 at 2.  Plaintiff provides no further context or reasoning as to why an appeal would be proper.

District courts can deny a plaintiff's application to proceed IFP on appeal if the appeal would be frivolous and therefore not taken in good faith.  *See Al-Haj v. OMH*, No. 18 Civ. 5505 (VEC), 2019 WL 2074726, at *2 (S.D.N.Y. May 10, 2019); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  The "good faith" standard of section 1915(a)(3) is objective.  *Adams v. Keyser*, No. 16 Civ. 129 (GBD), 2018 WL 2750322, at *3 (S.D.N.Y. May 29, 2018).  An appeal is frivolous "where it lacks an arguable basis either in law or in fact."  *Tooker v. Quest Ventures, Ltd.*, No. 2:21 Civ. 1290 (NJC), 2023 WL 8113911, at *3 (E.D.N.Y. Nov. 22, 2023) (citing *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)).

For the reasons stated in the May 1, 2025, Opinion and Order, ECF No. 105, Plaintiff's request for leave to file an amended complaint and her request for sanctions against Defendants are without merit.  Additionally, appeal cannot be taken from an interlocutory decision; the Court of Appeals has jurisdiction to hear appeals from final judgments.  28 U.S.C. §§ 1291, 1292.  In issuing the May 1 Opinion and Order, the Court did not direct entry of a partial final judgment under Rule 54(b).  Accordingly, an interlocutory appeal cannot be taken from the May 1 Opinion and Order.  *See, e.g.*, *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 387 (2d Cir. 1996) (Court of Appeals lacks jurisdiction over appeal taken from interlocutory order denying motion

to amend pleading).

For the foregoing reasons, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Opinion and Order issued on May 1, 2025, would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate ECF Nos. 116 and 118.

SO ORDERED.

Dated: June 11, 2025
      New York, New York

                                                              _____
                                                              JEANNETTE A. VARGAS
                                                              United States District Judge