```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
WENDY A. HARTE,                                                   :
                                                                  :
                              Plaintiffs,                         :   22-CV-03820 (JAV)
                                                                  :
              -v-                                                 :   MEMORANDUM
                                                                  :   OPINION AND ORDER
PACE UNIVERSITY, et al.,                                          :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Wendy Harte ("Plaintiff"), proceeding *pro se*, brings claims of retaliation against, *inter alia*, her former employer, Pace University. ECF No. 57 ("SAC"), ¶¶ 7-13. On May 21, 2025, Judge Willis issued an Order which denied Plaintiff's requests to disclose student names and identifying information that had been redacted from discovery productions pursuant to the Family Education Rights and Privacy Act ("FERPA"). ECF No. 112. ("May 21 Order") at 1. Plaintiff has filed objections to the May 21 Order. ECF No. 129 ("Obj.") at 1. For the following reasons, Plaintiff's objections are OVERRULED.

## BACKGROUND

### A. Factual Allegations

Plaintiff, an Assistant Adjunct English Professor at Pace University, taught an Introduction to Critical Race and Ethnicity Studies class ("Class") in the spring semester of 2021. SAC, ¶ 101. Plaintiff alleges that students in the Class engaged in a campaign of race-based bullying. *Id.*, ¶¶ 99-121. According to the SAC, when

Plaintiff sought assistance from the university administration, their response was to recommend that she alter the course to focus on student discussion, minimize didactic lecturing, and avoid discussions of white supremacy. *Id.*, ¶¶ 134-43. After several of the students raised complaints regarding Plaintiff to the university, her Class was observed at different times by her supervisors. *Id.*, ¶¶ 147-51, 208-09. Following further class observations, Plaintiff was removed from teaching the Class and paid the balance of her salary for the semester. *Id.*, ¶¶ 288-91.

### B. Procedural History

The Second Amended Complaint was filed on April 14, 2023. ECF No. 57. On May 26, 2023, Defendants moved to dismiss the Second Amended Complaint. ECF Nos. 62-65. The Court issued an Opinion and Order on March 29, 2024, in which it dismissed Plaintiff's racial discrimination, harassment, and defamation *per se* claims, but allowed some of Plaintiff's retaliation claims to go forward. ECF No. 71. On July 30, 2024, this action was referred to Magistrate Judge Jennifer E. Willis for general pretrial supervision, ECF No. 82, and the case is now proceeding with discovery.

On February 3, 2025, Defendants produced over 600 pages of documents in response to Plaintiff's First Request for Production of Documents. ECF No. 102. Among the documents produced were the complaints from various students in Plaintiff's Class. *Id.* In producing these documents, however, Defendants redacted the names and identifying information of the students on the grounds that they

otherwise would be prohibited from producing the documents by operation of the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b). *Id.*

Plaintiff sought the release of the redacted information. ECF No. 104. On May 21, 2025, a discovery hearing was held before Magistrate Judge Jennifer E. Willis. ECF No. 113. At that hearing, Magistrate Judge Willis provided Plaintiff with an opportunity to explain why she required the names of the redacted students. In response to the Court's inquiries, Plaintiff repeatedly affirmed that she sought the identities of the students in order to verify the number of students who had lodged complaints against her:

> [T]he defendants identified students who they claimed were students who complained about me during the semester. [T]hey claimed there are more than eight students, so nine plus students. But without . . . the revealing of the names, I can't know if there are actually nine or more students or if there are actually two students or three students who have just been complaining repeatedly. So that's why the redaction is important—the unredacting is important.
>
> . . .
>
> Defendants identified the nine—or the eight plus as being the issue with me. One of the issues with me was that—and the issue that led to removal was all of these students who were complaining. So for me, the name—the particular students is not an issue for me. It's a matter of were they being truthful with regard to the number of students that they claimed, you know, wanted me out of the classroom or didn't want me teaching in the classroom anymore. So that's really the crux of it.
>
> . . .
>
> For the defendants to now say that the number of students doesn't matter is disingenuous. The number of

3

> students was made the issue, and it was the issue that they made repeatedly throughout that semester leading up to my ultimate removal from that classroom. Given defendants' inability to share the truth with me various times during this lawsuit, I am not confident that they are telling the truth with regard to these students, which is why the names are important or the initials are important, so that we are identifying how many different students are involved as opposed to the number that they claimed were involved.

ECF No. 134 at 3:24-8:12.

Magistrate Judge Willis, ruling from the bench, denied Plaintiff's request for the unredacted student names:

> I find that that redaction is appropriate and that plaintiff has not demonstrated the genuine need which must be demonstrated by a party seeking to overcome FERPA. What was identified here today was this concern about the number of students who were actually making complaints. Apparently the complaints themselves have been provided, copies of those complaints. And the only issue is that plaintiff simply does not believe that the number of students making complaints matches what defendant has identified. That makes that essentially a fishing expedition. There's nothing concrete to indicate that what Defendant Hsu has indicated about these complaints is not true. And so this is one not proportionate to the needs of the case, but most crucially, it flies in the face of a particular law designed expressly to protect the privacy of students. And I find that it is not necessary in this case, and therefore the redactions are appropriate and defendant need not provide those students' names.

*Id.* at 50:17-51:13. Magistrate Judge Willis subsequently entered an order memorializing her decision. May 21 Order at 1.

Plaintiff filed an appeal of the May 21 Order with the United States Court of Appeals for the Second Circuit on June 5, 2025. ECF No. 115. The Second Circuit

4

issued an Order stating the May 21 Order appeared to be "non-appealable" under 28 U.S.C. §1291 and 28 U.S.C. § 36(b)(1), (c)(1) and advised Appellant that the "order may be appropriate for the district judge to review upon Appellant's filing of objections." ECF No. 121. On June 17, 2025, Plaintiff filed a Motion for Review of the May 21 Order. ECF No. 129.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure instructs that when a magistrate judge decides "a pretrial matter not dispositive of a party's claim or defense," the district court will review such order under the highly deferential "clearly erroneous or is contrary to law" standard. "A magistrate judge's discovery orders are generally considered 'nondispositive' of the litigation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403 (S.D.N.Y. 2020).

When a matter is referred to a magistrate judge for general pretrial purposes, the magistrate judge is "afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 90 (S.D.N.Y. 2002). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *In re Keurig*, 336 F.R.D. at 403 (quotations and citations omitted); *see also Bhagat v. Shah,* No. 24-CV-1424 (VEC), 2025 WL 2396668 at *4 (S.D.N.Y. Aug. 18, 2025).

## DISCUSSION

"The purpose of FERPA is to assure parents of students . . . access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) (cleaned up). FERPA therefore imposes penalties on educational institutions that disclose education records. 20 U.S.C. § 1232g(b). The term "education record" is defined broadly to include all records "[d]irectly related to a student" that are "[m]aintained by an educational agency or institution." 34 C.F.R. § 99.3. Although the statute permits disclosure pursuant to a court order, in order to vindicate FERPA's strong interest in student privacy, courts generally require that a litigant meet the "significantly heavier burden" of showing that its interests in obtaining the records outweighs the students' privacy interests before it will order such disclosure. *Ragusa*, 549 F. Supp. 2d at 291 (cleaned up).

Upon review of the record in this case, including the transcript of the May 21 conference and the May 21 Order, the Court determines that Judge Willis did not abuse her discretion, commit clear error or issue a decision contrary to law. At the hearing, Plaintiff stated that she only sought the identifying information in order to confirm whether Defendants were telling the truth about how many different students had complained about the Class. ECF No. 134 at 5:1-7 ("So for me, the name—the particular students is not an issue for me. It's a matter of were they being truthful with regard to the number of students that they claimed, you know,

6

wanted me out of the classroom or didn't want me teaching in the classroom anymore. So that's really the crux of it."). Far from error, the Magistrate Judge's determination that Plaintiff's distrust of Defendants' representations, without more, was not sufficient to overcome student privacy interests is well-founded.

To the extent that, in her Objections, Plaintiff now seeks to raise additional relevance arguments, *see* Obj. at 4, these arguments are not properly before the Court. "New arguments and factual assertions cannot properly be raised for the first time in objections . . . , and indeed may not be deemed objections at all." *Khatabi v. Bonura*, No. 10 Civ. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (cleaned up).

## CONCLUSION

Accordingly, Plaintiff's Objections to the May 21 Order are OVERRULED. The Clerk of Court is directed to terminate ECF No. 129.

SO ORDERED.

Dated: October 1, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge