December 19, 2025

The Honorable Magistrate Judge Jennifer Willis
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

The Court is in receipt of Plaintiff's letter motion. Plaintiff is to file a copy of the subpoena served on CUNY with all of the subsequent correspondence with CUNY about the subpoena for the Court's review by December 29, 2025. SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE
December 23, 2025

Re: Motion To Compel City Univers
Harte v. Pace University et al., 1:22-cv-03820 (JAV)(JW)

Dear Judge Willis,

Respectfully, by this letter, I am requesting a Motion to Compel CUNY to respond to my subpoena, which I served upon them on Thursday, November 6, 2025. CUNY was asked to reasonably search its email and other forms of correspondence for any communications regarding me. After then asking for clarification, my reply, their next email of December 3, 2025 and every communication which followed are herewith attached.

In part, CUNY appears to claim that a reasonable search would consume a significant amount of time. Not only are they required to conduct a search but I disagree with their assertion on another ground. That is, particularly between 2021 and 2023, a series of troubling events occurred such as the actions taken by Dr. Kelly Josephs ("*Josephs*"), her observation of my class in November 2021, and issues which included inappropriately requesting non-standard information of me for an observation, challenging my use of the department-issued syllabus and, most notably, her patent refusal to mark any of the many professor performance description boxes comprising half of the observation form as required after observing a class (a form which had been used in prior observations and which I was accustomed to), leaving them noticeably blank. Those boxes likely would have indicated a strong teaching performance. This all occurred just before and during the time of my scheduled interview with the Equal Employment Opportunity Commission's ("*EEOC*") Krista Jolivette ("*Jolivette*") in December 2021, which I had scheduled in September 2021, regarding Defendant Pace University and the individual Defendants at the time, and the Charge Of Discrimination form she was tasked with writing and completing a day after that interview.

Various other problematic behaviors included an unsubstantiated recommendation imposed upon me by Josephs to limit my teaching options based on the observation form to in-person only and permanently (though I had been previously teaching on Zoom with no issues), and a refusal to offer me courses for the next semester by the Chairperson Jonathan Hall, ("*Hall*") thereafter. However, when I applied in January 2022 for unemployment insurance, CUNY, stunningly, accused me of *fraud* at the Department of Labor ("*DOL*") in April 2022. Shockingly, they used emails Hall apparently had manipulated and his false written statements to Human Resources that he had offered me courses which he falsely alleged I had refused. Notably, moreover, instead of CUNY making their challenge to my unemployment claim *when* I applied at the DOL in January 2022 and *before* I had received any funds, which they were required to do pursuant to DOL policy, CUNY waited months, until I had received approximately four (4) months of funds, some thousands of dollars, to make their challenge. Therein, CUNY demanded *the return* of those monies I had received, asserting in effect that I owed them because of the alleged fraud they falsely claimed I had committed. I would have been, thus, in debt to them, requiring that I pay them back forthwith. In

addition, CUNY requested that sanctions be levied against me which included monetary penalties, the potential of a jail sentence and a length of time imposed where I could not seek unemployment in the future.

I contested the aforementioned claim at the DOL, as what CUNY had stated, again, was altogether patently false. I requested a hearing, providing unmanipulated email conversations and documents. I was successful in that contestation of CUNY's assertions. That is, CUNY was found to not have been truthful in their allegations. Shortly thereafter, within perhaps weeks, I filed my lawsuit against the Defendants in this court as required, just before the end of the ninety (*90*) day filing period indicated by the EEOC's Right to Sue letter. Decidedly, the members of CUNY's and York's Human Resources departments communicated regarding the incidents above which they engaged in and know where to locate that information, were they to conduct a reasonable search.

Additionally, there was a harrowing incident at CUNY's Covid testing lab at John Jay College ("*John Jay*") in November 2022, where I regularly took my required Covid screening test in order to teach and had scheduled within the CUNY scheduling system to do so on the day involved, which required I seek emergency medical attention. CUNY is keenly aware of this event and what followed, which involved Human Resources. They can access these communications.

Finally, there were troubling issues with an adult male student registered in one of my classes in Spring 2023. He, among other things such as attempting to bump into/make physical contact with me in the school's hallway, confronting me alone after class regarding homework to demand I accept it, and blocking the classroom door making it difficult for me to open it, threw a pen at me while uttering "*Here's a blunt, sharp object*" when I had made a request of the class for them to verbally identify any object or animal that was blunt, sharp and direct as a symbol of the personality of a student in the class. He then openly argued with me when one of my responses to him was that he should never engage in that behavior again. Ultimately, I was required to file a police report for harassment at the Jamaica, Queens Police Department after CUNY allowed him to remain in the classroom and his troubling behavior continued including repeatedly insisting upon meeting with me alone, waiting after class, and telling me falsely at one point that I, myself, had sent him a "*note*" asking him to talk with me after class while making additional verbal requests for me stay after class that day when I refused. This all occurred while I had been making repeated exhortations for help from York and CUNY. When York's administrators, including the York Provost Derrick Brazill ("*Brazill*"), who had been sent by CUNY's Executive Vice Chancellor and University Provost Wendy Hensel ("*Hensel*"), and Dean George White ("*White*") finally witnessed for themselves what had been causing me increasing concern for some time (including the adult male student standing alone leering at me, White and Brazill in the back of the classroom after all other students had left that very day), they removed him from the physical classroom almost immediately. He was placed on Zoom where I recorded all classes. He wrote troubling homework and formal paper assignments including a Research paper and Final paper which York also refused to address although they clearly should have based on the contents of the papers and my concern that they were threatening.

Although <u>CUNY</u> was served with my subpoena, Mr. Platzek ("*Platzek*"), counsel at York, has corresponded with me. Platzek himself has been involved in many if not all of the communications regarding all of the above with CUNY until the end of Spring semester 2023. He is aware of most, if not all, of these events despite his response emails which seem to indicate, amongst other things, that he is unsure about how to proceed in its regard. This is also despite the names I provided for a reasonable search.

For the above reasons, I am requesting a Motion to Compel CUNY to perform a reasonable search in order to respond to my subpoena including communications *between* Hall and Josephs and as otherwise requested until the date indicated.

Thank you.

Respectfully,

Wendy Alicia Harte