UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WENDY A. HARTE,

                              Plaintiff,                                    **ORDER**

            -against-                                           **22-CV-3820 (JAV) (JW)**

PACE UNIVERSITY, et al.,

                              Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On November 19, 2025, the Court held a discovery conference. At the discovery conference, the Court addressed Plaintiff's outstanding subpoena to CUNY and set a deadline to obtain subpoena responses by December 17, 2025 and provide subpoena responses to Defendants by December 18, 2025. Dkt. No. 191. On December 19, 2025, Plaintiff filed a letter motion to compel CUNY to respond to Plaintiff's subpoena. Dkt. No. 206. On December 23, 2025, the Court ordered Plaintiff to supplement her letter motion to include a copy of the subpoena served on CUNY along with all subsequent correspondence between Plaintiff and CUNY. Dkt. No. 207. On December 30, 2025, Plaintiff filed a supplemental letter motion to compel with the subpoena and correspondence with CUNY attached. Dkt. No. 208. For the reasons stated below, Plaintiff's motion to compel is **DENIED.**

On November 14, 2025 in advance of the November 19th discovery conference, Plaintiff filed a letter motion detailing her efforts to subpoena documents from CUNY and attached a copy of her subpoena and subsequent correspondence with counsel for CUNY. Dkt. No 188. At the discovery conference on November 19, 2025, Plaintiff

1

informed the Court about CUNY's continued concerns about the scope of the subpoena. Dkt. No. 202, 5:14-6:21. Plaintiff indicated she did not know whether she was permitted to edit the language of the subpoena without a Court order. 7:16-23. The Court informed Plaintiff "[i]t is certainly always fine for the entity or the person issuing the subpoena to have a discussion with the entity or the person who has been served about what they consider sufficient compliance with the subpoena. And to the extent that you and CUNY could come to an agreement about narrowing the scope of some of what is being asked by you, the Court need not [intervene]." 8:11-17.

At the end of the conference, the Court ruled that Plaintiff would be permitted to serve the subpoena, but warned Plaintiff the current language was broad and likely overly burdensome. 10:25-11:2. The Court further warned that if there came a point when a motion to quash was before the Court, the language in Plaintiff's subpoena "does appear to be language that would lead to an unduly burdensome search process." 9:25-10:8. Plaintiff was informed that she was free to narrow the language of the subpoena. 17:8-17:9. ("There is not going to be any expanding of [the subpoena]. We are not going in the opposite direction. We are talking about narrowing."). The Court admonished Plaintiff to communicate with CUNY regarding the subpoena language because Plaintiff would not be permitted to serve a second subpoena to CUNY. 18:11-18:12 ("So I want to be very clear, the idea here is you have served a subpoena. You are not serving another.").

Plaintiff's original subpoena to CUNY requested:

all email communications only between me, Wendy Harte, and Jonathan Hall, Chairperson of the English Department, Dr. Kelly Josephs and email communications between any person in Human Resources about me from the year 2021 to present. Please transmit any communications from Human Resources. Please also provide any communications between any individual at CUNY and any individual at Pace University regarding me, Wendy Harte, at any time from 2017 to present.

Dkt. No. 208. On November 21, 2025, counsel for CUNY sent links to files for emails between Harte and Hall and between Harte and Josephs with student information redacted. On December 1, 2025, Plaintiff amended the subpoena language to:

1) Communications of any kind (including notes, emails, letters, voice notes and messages, texts, chat, social media direct messages) from 2021 to the end of the Spring semester 2023 between:
    a. Jonathan Hall ('Hall") and me, Wendy Harte
    b. Dr. Kelly Josephs ("Josephs") and me, Wendy Harte
    c. Hall and Josephs regarding me in any way
    d. Hall and any person in Human Resources/Administration at York and/or CUNY Central regarding me in any way and
    e. Josephs and any person in Human Resources/Administration of York and/or CUNY Central regarding me in any way.
2) Any forms of communication (including notes, emails, letters, voice notes, and voice messages, texts, chat, social media direct messages) between any York College Human Resources, and/or Administration personnel, between 2017 and the end of the Spring semester 2023 regarding me Wendy Harte, including but not limited to Carmel Boyle, Arlene Peterson, Alisha Davis, Lennart Ollson, Derek Davis, Derek Brazill, Wendy Hensel, Berenice Eames, George White, James Salnave, Savitrie Rampersaud, and Shane Ayers. This is asking for internal or intra-institution communications.
3) All forms of communication (including notes, emails, letters, voice notes, and voice messages, texts, chat, social media direct messages) between any York College Human Resources, and/or Administration personnel, and/or CUNY Central Human Resources and/or administration personnel, between 2017 and the end of the Spring Semester 2023, including but not limited to Carmel Boyle, Arlene Peterson, Alisha Davis, Lennart Ollson, Derek Davis, Derek Brazill, Wendy Hensel, Berenice Eames, George White, James Salnave,

3

Savitrie Rampersaud, and Shane Ayers on the one hand, and me, Wendy Harte on the other hand.

4) Any communication (including notes, emails, letters, voice notes, and voice messages, texts, chat, social media direct messages) between: any York College Human Resources, and/or Administration personnel, and/or CUNY Central Human Resources and/or administration personnel including but not limited to Carmel Boyle, Arlene Peterson, Alisha Davis, Lennart Ollson, Derek Davis, Derek Brazill, Wendy Hensel, Berenice Eames, George White, James Salnave, Savitrie Rampersaud, and Shane Ayers on the one hand and any Pace University Human Resources and/or administration personnel (including C-Suite employees and/or representatives and counsel and administration personnel (including C-Suite employees and/or representatives and counsel and President of the University at the time) on the other hand, between the year 2017 and the end of Spring semester 2023.

Id.

Counsel for CUNY responded to Plaintiff's amended subpoena stating "[i]n addition to significantly expanding the original subpoena issued by the Court, this request would require an inordinate amount of time to comply with…" Plaintiff clarified that the request for communications between Pace University and CUNY should be limited to communications related to her, but did not further narrow the subpoena language. Id. Plaintiff also indicated she would not consider CUNY's production on November 21st to be compliant as it was not part of a complete reply to the subpoena. Counsel for CUNY's final email to Plaintiff on December 18, 2025 stated "we would still be required to essentially review every email in the accounts listed (and take it upon ourselves to identify other accounts to be searched), requiring an inordinate amount of time to complete…" Id.

On January 6, 2026, Defendants filed a letter motion requesting the Court order Plaintiff to provide them with a copy of the subpoena responses she received from CUNY on November 21, 2025. Dkt. No. 210. Defendants attached email correspondence with Plaintiff wherein she refused to provide the documents she received from CUNY because she was awaiting a response to her motion to compel. Id.

Plaintiff now moves to compel CUNY to comply with the amended subpoena under Rule 45(d)(2)(i). Fed. R. Civ. P. 45. Under Rule 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Id. The issuing party "bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case." Batanjany v. Clear Street Management LLC, No. 25 Civ. 8420 (LTS), 2025 WL 3157797, at *1 (S.D.N.Y. Nov. 12, 2025). "[C]ourts in this Circuit have long had discretion to limit discovery requests that are disproportionate to the needs of the case…" Robertson v. People Magazine, 14 Civ. 6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015). "[I]n the case of subpoenas targeted at nonparties, [trial courts] should be 'particularly sensitive to weighing the probative value of the information sought against the burden of the production to the nonparty.'" In re Novartis & Par Antitrust Litigation, No. 18 Civ. 4361 (AKH), 2020 WL 3317203, at *5 (S.D.N.Y. June 8, 2020). Because of the special weight given to the burden on

nonparties, when a nonparty subpoena is at issue, courts may consider the expense and inconvenience of compliance. Id.

Following the November 19th discovery conference, where the Court very clearly stated Plaintiff was free to narrow her subpoena but could not broaden it, Plaintiff has in fact broadened her subpoena. CUNY has demonstrated through their communication with Plaintiff that complying with Plaintiff's amended subpoena, which would require an exhaustive search of all emails for several employees, would be unduly burdensome. In response to these concerns Plaintiff took no reasonable steps to lessen the burden. Furthermore, CUNY did provide email communications between Hall and Plaintiff and between Josephs and Plaintiff.

Because Plaintiff's subpoena is unduly burdensome and disproportionate, the Court **DENIES** Plaintiff's motion to compel. The Court **GRANTS** Defendants' request. Plaintiff is ordered to provide the documents she received from CUNY to Defendants by January 9, 2026 at 12:00 PM. All discovery in the case is now closed. The Parties are to file separate letters by January 14, 2026 at 12:00 PM indicating whether they are seeking summary judgement and if so, proposing a briefing schedule.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 206, 208 and 210.**

SO ORDERED.

DATED:    New York, New York
          January 8, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge