UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

WENDY A. HARTE,

           Plaintiff,        New York, N.Y.

       v.         22 Civ. 3820 (JAV)(JW)

PACE UNIVERSITY, *et al.*,

         Defendants.

------------------------------x   Conference

                    December 17, 2025

Before:

        HON. JENNIFER E. WILLIS,

                 U.S. Magistrate Judge

APPEARANCES

WENDY HARTE
   Pro Se Plaintiff

BOND SHOENECK & KING PLLC
   Attorneys for Defendants
BY:  MALLORY A. CAMPBELL

KJC REPORTING & TRANSCRIPTION (848) 459-3124

THE COURT:  We are here in Harte v. Pace University, *et al.*, 22CV3820.  If each side could please identify themselves for the record, starting with plaintiff first, please.

MS. HARTE:  Wendy Harte, plaintiff.

THE COURT:  Good morning and --

MS. CAMPBELL:  Mallory Campbell -- sorry.

THE COURT:  Go ahead.

MS. CAMPBELL:  Mallory Campbell, from Bond Shoeneck & King, for the defendants.

THE COURT:  All right, and good morning to you, as well.

So we are on the record in this case.

I have been informed that the follow-up deposition of Ms. Harte is taking place this morning.  I was informed by my law clerk that I had received a call from defendants that there was an issue that developed during the deposition.

So, defendant, why don't I turn to you for just a very brief summary of why it is that you have reached out to the Court for intervention during this deposition.

MS. CAMPBELL:  Sure.

Ms. Harte brought some handwritten notes to the deposition today, they were used to prepare for today's deposition, and we asked that she provide us with copies, and she has refused to do so.

THE COURT:  All right.  And Ms. Harte, let me hear from you about what is going on this morning from your perspective, ma'am.

MS. HARTE:  Yes.  Thank you, your Honor.

I brought my notes that I wrote, my work product, and I was not aware that I needed to provide a copy to defendants of my work product.  I asked them to provide the rule that says that I needed to provide my notes, my work product, and they have not provided it.  I have said that if they -- that I don't have to use the notes and they are saying that, well, since brought it, no matter if I use them or not, I have to give it to them.  And so this is where the issue is.

THE COURT:  All right.  So I don't need to hear anymore from both sides.  So thank you, and I appreciate the promptness of checking in with the Court.  Always better to get a rule on these issues so that we can continue forward rather than taking up a lot of time during the scheduled deposition.

So, in the usual course, when someone has counsel, if an attorney prepares material for their client to look at in advance of a deposition, that material would fall under both attorney-client privilege as well as work product; however, even in a situation where someone has an attorney, if they were to bring that material with them to a deposition with the idea that they would rely upon it, possibly use it to refresh

their recollection about certain things during the course of the deposition, they would have to show that material to opposing counsel because anything that is used by the deponent during the course of a deposition the other side has a right to see.

Here, obviously, Ms. Harte is proceeding *pro se*, and so it is not a situation where an attorney has prepared this material for her.

But my ruling is as follows:

If Ms. Harte uses that material in any way, references it at all, looks at it at all during the course of the deposition, meaning she relied on it during the course of the deposition, it must be provided to opposing counsel.

To the extent that this is currently just information that she looked at in advance, prepared herself with the idea of helping her prepare for the deposition, unless and until she looks at it, references it, relies on it in any way during the deposition, she need not provide it.

So, to be clear, my ruling is this:

If Ms. Harte puts those documents away in an area where she does not have access to them for the remainder of the deposition, she need not provide that information.

If she wants to reference it, look at it, in order to refresh her recollection, which sometimes people do if there is a lot of -- you know, a long timeline, people want to make

sure that they are accurate with what they are saying, so it is not uncommon to have notes or documents to refresh your recollection, that is fine, but if she uses it at all in that way, it must be provided to counsel for the defendant.

So let me make sure that you understand what my ruling is, Ms. Harte.

MS. HARTE:  Yes, your Honor, I —— should I repeat it back?

THE COURT:  No, I do not need you to repeat it back, but I want to make sure you understand that if you look at those papers again, even glance at them, you are going to have to give them to opposing counsel.  If you seal that away in a bag or put it under the chair or whatever it is, you need not produce it.

Do you understand?

MS. HARTE:  Yes, your Honor, I do.

THE COURT:  And defense counsel, I want to make sure that you understand what my ruling is, as well, so that you all can proceed with this deposition.

MS. CAMPBELL:  Yes.  We understand.  Thank you, your Honor.

THE COURT:  All right.  Thank you very much.

So, given that, we are adjourned.

Well, before we adjourn, I am going to enter a very short either text order or written order indicating that we

had, you know, this call and this discussion and either directing that a transcript be provided or that you all order a copy of the transcript—and by "you all" I mean defendants' counsel, order a copy of this transcript.  To the extent that it is needed in the future, I want to make sure that there is a proper recording of the fact that we have had this brief conference today.

And so, with that, we are adjourned.  Everybody have a good rest of their day.

MS. HARTE:  Thank you, your Honor.

MS. CAMPBELL:  Thank you, your Honor.

(Adjourned)

C E R T I F I C A T E

I, Kristen J. Carannante, certify that the transcript of the digital audio recording of the proceedings in the above-entitled matter is a true and accurate transcription.

Signature   /s/ *Kristen J. Carannante*
KRISTEN J. CARANNANTE, RPR, RMR, FCRR
(848) 459-3124
kjcarannante@gmail.com

Date:       December 17, 2025