**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
WENDY A. HARTE,

Plaintiff,

**ORDER**

-against-

**22-CV-3820 (JAV) (JW)**

PACE UNIVERSITY, et al.,

Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Wendy Harte filed a letter motion titled "[a] complete accounting of the CUNY subpoena process…" after this Court denied Plaintiff's motion to compel subpoena responses from CUNY, a nonparty. The Court treats Plaintiff's letter motion as a motion for reconsideration of the Court's denial of the motion to compel. See Dkt. No. 211. Because Plaintiff fails to meet the standard for a motion to reconsider, her motion for reconsideration is **DENIED**.

## I.    Background

On December 19, 2025, Plaintiff filed a letter motion to compel CUNY, a nonparty, to comply with Plaintiff's subpoena for documents. Dkt. No. 206. The Court ordered Plaintiff to file a copy of the subpoena she served on CUNY with all of the subsequent correspondence between Plaintiff and CUNY for the Court's consideration. Dkt. No. 207. On December 30, 2025, Plaintiff filed a letter motion to compel with the complete attachments. Dkt. No. 208. On January 8, 2026, the Court denied Plaintiff's motion to compel in full. Dkt. No. 211.

On January 14, 2026, Plaintiff filed a letter motion "to detail [her] efforts to serve CUNY, and illuminate some concerns that arose since then." Dkt. No. 215. Plaintiff's letter motion outlines, in further detail than previously provided to the Court, her efforts to serve the subpoena on CUNY. Plaintiff first attempted service via email, then federal express mail, then in person three times. Id. at 1-2. After successfully serving the subpoena, Plaintiff received an email from legal counsel for York College. Plaintiff "had not grasped" initially that she should separately serve CUNY because counsel for York College indicated "materials between CUNY Central and Pace University are not within the possession and control of York College." Id. at 2.

Plaintiff's letter motion alleges legal counsel for York College "often provided no response, delayed, or incomplete or false responses," throughout the course of her correspondence with him about the subpoena. Id. After Plaintiff amended her subpoena language, counsel for York College informed her she had "significantly expanded" it but "never made a showing of what he meant" by that. Id. Plaintiff acknowledges she expanded the language of her original subpoena to CUNY, but it was unintentional. Id. Finally, Plaintiff alleges Defendants improperly defined her subpoena by referring to it as a subpoena to York College in a letter to the Court. Id. at 3.

## II.   Legal Standard

Though Plaintiff does not expressly move for reconsideration, because Plaintiff is *pro se*, the Court liberally construes the submission and interprets the letter motion

as a motion for reconsideration.  See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017).

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Secs. Litig., No. 97 Civ. 1865 (RMB) (JCF), 113 F.Supp.2d 613, 614 (S.D.N.Y. Sept. 20, 2000) (citations and quotation marks omitted).  As such, the standard for a request of reconsideration under Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In re Beacon Assocs. Litig., No. 09 Civ. 777 (LBS) (AJP), 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. Sept. 26, 2011); see also Lichtenberg v. Besicorp Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion" in order to prevail on a motion for reconsideration).  A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 05 Civ. 3941 (JSR), 395 F. Supp. 2d 17, 19 (S.D.N.Y. Sept. 26, 2005).

### III.    Discussion

Here, the Court does not find that find that an "extraordinary remedy" of reconsideration is warranted under Rule 6.3.  Plaintiff's motion for reconsideration fails to provide any change in controlling law, new evidence, or a need to correct clear error or prevent manifest injustice.

Plaintiff was ordered to detail her efforts to subpoena CUNY in advance of the November 19, 2025 discovery conference and filed a letter on November 14, 2025 detailing some of her efforts.  Service of the CUNY subpoena was discussed in further detail at the November 19th conference, where Plaintiff was informed she could narrow her subpoena language but forewarned that this Court would not permit her to serve a second subpoena.  Dkt. No. 202, 17:8-17:9, 18:11-18:12.  As Plaintiff's letter motion to the Court acknowledges she "did indeed expand the original language…" in her correspondence with counsel for York College.  Dkt. No. 215 at 3.

Plaintiff's letter motion gives additional information regarding the steps she took to serve CUNY and informs the Court that her expansion of the subpoena language was unintentional, however, it does not provide any basis to change this Court's order denying Plaintiff's motion to compel.  Furthermore, Defendants' characterization of Plaintiff's subpoena had no bearing on the Court's denial of Plaintiff's motion to compel and this Court does not find Plaintiff's characterization of counsel for York College's responses to be accurate in light of the emails Plaintiff previously provided to the Court.

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**.

4

SO ORDERED.

DATED:   New York, New York
            January 26, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

5