**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
WENDY A. HARTE,

                                   Plaintiff,                        **ORDER**

          -against-                        **22-CV-3820 (JAV) (JW)**

PACE UNIVERSITY, et al.,

                               Defendants.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On March 19, 2026, Plaintiff filed a letter motion requesting the Court "limit public access of several court filings, ECF 57, ECF 66, ECF 94, ECF 104, and ECF 109," because "[t]hese documents contain student names." Dkt. No. 236. Defendants did not file any opposition or responsive papers to Plaintiff's request. The Court interprets *pro se* Plaintiff's letter motion to be a motion to seal. For the reasons stated below, Plaintiff's motion to seal is **DENIED**.

When considering a motion to seal, courts in this District first determine whether or not the document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). If found to be a "judicial document," the next step is to balance the common law right of public access—which attaches to judicial documents—against any countervailing factors. Id. Finally, courts must ensure that sealing requests are narrowly tailored in relation to the countervailing factors. Id. at 120. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Courts cannot seal documents which have already been made accessible to the public. Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir.

1

2004) (holding that after the publication of confidential information on the docket, "[w]e simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again").

Here, all of the documents Plaintiff moves to seal are "judicial documents" filed by Plaintiff.  The documents include the Second Amended Complaint (Dkt. No. 57), Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. No. 66), a letter motion to amend the Complaint (Dkt. No. 94), a discovery letter requesting the Court order Defendants to identify students and disclose the names to Plaintiff (Dkt. No. 104), and the Third Amended Complaint (Dkt. No. 109).  Plaintiff provides no countervailing factors that would override the right of public access to the judicial documents at issue.  Though the names of minors are typically sealed by the Court to protect privacy pursuant to Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff, who taught at Pace University, does not represent that any of the students, whose names she moves to seal, are minors.  Furthermore, all of the documents at issue were filed by Plaintiff and have all been public on the docket for nearly a year.  Because the documents are "judicial documents" and the right of public access is not outweighed by countervailing factors, Plaintiff's motion to seal is **DENIED.**

SO ORDERED.

DATED:    New York, New York
March 30, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

2