

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MALLORY A. CAMPBELL**
mcampbell@bsk.com
P: (646) 253-2339
F: (646) 253-2301

May 8, 2026

**<u>VIA ELECTRONIC FILING</u>**
Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

      Re:  Harte v. Sarah Blackwood, et al
          Case No. 22-cv-03820 (JAV)

Dear Judge Vargas:

  We represent the remaining Defendants Pace University, Sarah Blackwood, Stephanie Hsu, and Bernadette Baumann (collectively, "Defendants"), in the above-referenced matter. Defendants move to strike Plaintiff's belated Opposition to Defendants' Motion for Summary Judgment filed on April 30, 2026. (ECF Doc. No. 243 to 243-28). Plaintiff's second submission is not only late (by almost three weeks) but it includes numerous exhibits that are not in the record. Accordingly, this submission should be stricken.

  On March 2, 2026, Defendants timely filed their Motion for Summary Judgment. Plaintiff submitted her Opposition to Defendants' Motion for Summary Judgment, which was due on April 10, 2026 and docketed on April 11, 2026. (ECF Doc. No. 238). Plaintiff's submission consisted solely of a Response to Defendants' 56.1 Statement, which was unsigned and, while Plaintiff referenced some documents, none were attached or submitted. Plaintiff also did not submit an affidavit, exhibits, or any other documents. On April 12, 2026, Plaintiff submitted a letter request to Magistrate Judge Willis to belatedly submit the exhibits referenced in her opposition. (ECF Doc. No. 240). There has been no decision on this request.

  Thereafter, on April 15, 2026, Plaintiff submitted another letter, this time admitting that she did not have time to finish her Opposition to Defendants' Motion for Summary Judgment or provide the necessary exhibits, and admitting that she understood she could have requested a timely extension from the Court for her submission, but declined to do so. (ECF Doc. No. 242). Nevertheless, on April 30, 2026, without leave to do so, Plaintiff refiled her Opposition to Defendants' Motion for Summary Judgment, this time with 28 attachments that she allegedly intended to submit with her April 11 submission.

  Federal Rule of Civil Procedure 6(b)(1) provides "[w]hen an act may or must be done within a specific time, the court may, for good cause, extend the time on motion made after the

Attorneys At Law | A Professional Limited Liability Company

Hon. Jeannette A. Vargas
May 8, 2026
Page 2

time has expired if the party failed to act because of excusable neglect." Here, Plaintiff did not request any such extension until the deadline for her opposition had already passed. Therefore, in order to extend this deadline, Plaintiff must show "excusable neglect." When evaluating excusable neglect, Courts look at the following factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Luo v. Balwin Union Free. Sch. Dist.*, 677 Fed.Appx. 719, 720 (2d Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)) (alteration in original). However, the Second Circuit has made clear that the focus should be on the third factor. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

With respect to the first factor, there is significant prejudice to Defendants. Plaintiff had over a month to prepare her Opposition to Defendants' motion. With approximately one week until Defendants' reply deadline, Plaintiff just recently produced nearly 30 exhibits that she seeks to be considered. Not only did the late submission deprive Defendants of sufficient time to review and respond, but some of these documents were never even provided in discovery which required further review and comparison with the case file. With respect to the second factor, Plaintiff waited nearly three weeks after the deadline had passed to submit the exhibits in support of her Opposition. With respect to the third factor, the factor that Courts focus on, Plaintiff provided no reason for her prolonged delay, other than to impose upon Defendants' time to respond. (See ECF Doc. No. 242). With respect to the fourth factor, Plaintiff has not acted in good faith, as Plaintiff understood she could have requested an extension prior to her submission but failed to do so. (ECF Doc. No. 242). It was only after the deadline had already passed that Plaintiff then requested permission to submit her exhibits. (ECF Doc. No. 240). Despite not receiving any such approval from the Court, Plaintiff nevertheless improperly submitted nearly 30 exhibits approximately three weeks after her deadline had passed.

Even if this Court excuses Plaintiff's untimeliness, Plaintiff's submission should further be stricken as it contains numerous documents that have not been produced during this litigation. Specifically, Exhibits A-Q[1] do not contain any bates-stamp indicators and have not been produced by Plaintiff or Defendants in this litigation. Discovery has been closed since August 14, 2025.[2]

Under the Rules when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Courts consider four factors when evaluating whether testimony or exhibits should be precluded: '(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a

---

[1] This does not include Exhibit MS, which was produced by Plaintiff during discovery.

[2] Except for the deposition of Plaintiff and her mental health provider, which was allowed outside of discovery by Court Order. (ECF Doc. No. 184).

Hon. Jeannette A. Vargas
May 8, 2026
Page 3


continuance.'" *Redcell Corp. v. A.J. Trucco, Inc.*, 20-CV-18 (JGLC), 2023 U.S. Dist. LEXIS 210175, at *5-6 (S.D.N.Y. Nov. 24, 2023) (quoting *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020)) (alteration in original).

With respect to the first factor, Plaintiff has provided no explanation for her failure to comply with the discovery order and her failure to produce these documents during discovery. With respect to the second factor, the importance of the evidence is very minimal as these documents span as far back as 2013 and do not have anything to do with Plaintiff's Spring 2021 semester at Pace. With respect to the third factor, Defendants have been prejudiced by having to review and attempt to respond to numerous exhibits that they have never seen previously. Furthermore, given Plaintiff's belated filing of these exhibits well after the deadline for her opposition, Defendants are further prejudiced by having limited time to review and respond with a pending deadline of May 8, 2026 to file their Reply in support of summary judgment. With respect to the fourth factor, a continuance would further protract this case that has been pending since June 2022. In addition, a continuance would be unnecessary as the documents have no relevance whatsoever as to the claims in dispute. Accordingly, all four factors weigh in favor of exclusion of this evidence.

Plaintiff also provides Exhibits Q-Z, Exhibit X9, and Exhibit Letter 5 with her belated April 30th submission. However, there are no references in Plaintiff's Opposition to any of these exhibits. (See ECF Doc. No. 238). These documents should therefore not be considered in connection with Defendants' summary judgment motion.

Accordingly, this Court should strike Plaintiff's April 30, 2026 submission for untimeliness. In the event this Court excuses Plaintiff's untimeliness, the exhibits relied upon that were not produced in discovery should still be stricken pursuant to Rule 37(c)(1).

Thank you for your consideration of this matter.


Very truly yours,



_____/s/_____
Mallory Campbell
CC: Via ECF
    Wendy Harte


23467191.v2-5/7/26