May 11, 2026

The Honorable Judge Vargas
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Dear Judge Vargas,

At a time of important revelations as seen in their reply to my Objection to their Motion for Summary Judgment, Defendants would like to divert attention away from those admissions to instead focus on my <u>request</u> for submission of exhibits. That is, in their letter, dated May 8, 2026, to which I am responding herein, the Defendants wrote in error as follows:

1) When I submitted my Objection to Summary Judgment to Judge Willis, it was not complete. I stated this in a letter of apology to the court. I was overwhelmed by what I saw as terribly deceitful content filed by Mallory Campbell ("*Campbell*") and Rebecca Kimura ("*Kimura*") as a Summary Judgment Motion. I took some time to determine how to address what they had written. The issue that I encountered in writing that response was how to deal with the clearly practiced and fluid trickery and wordplay, which mixed true aspects of events with grossly false claims often in one sentence. There was also a baiting pitch to the letter and use of repetition that was startling Although these methods have defined every aspect of Defendants' case thus far, it still required time for me to strategize a response. I am not trained in deceit or how to respond to it in the moment particularly when it is concentrated. This combined with the personal challenges I face today, still, makes things much more difficult. I believe the Defendants are very well aware of this and wrote their document by design, to inundate, overwhelm and confuse.

Therefore, it took me some time in order to respond with the truth and the appropriate timeline, while avoiding following a document and set of questions therein also meant to evade, misdirect and minimize through lying. On the due date, although still working on my response document, I submitted what I had completed. However, what had been missing from my Objection included all of the exhibits to substantiate the many troubling aspects of this case I described therein. Some were marked with the word "*exhibit*" and other items were marked to indicate where an exhibit should be placed.

At the time of my filing on April 13, 2026, Campbell and Kimura did not argue for that missing exhibit information, details about which had also been provided at length in my Second Amended Complaint in April 2023, and in court filings subsequent thereto. They remained silent from the moment of my response's arrival on the docket.

As Kimura and Campbell indicated, I wrote to Judge Willis asking to be allowed to submit the aforementioned exhibits. Shortly thereafter, I learned that my request for permission should actually have been made of Your Honor. That is, Judge Willis informed me in clear, unequivocal terms that I had directed my request to her court but should have addressed it to this court.

However, in noting that I had filed the Objection itself addressed to Judge Willis as well, to rectify the situation as best that I could, I filed my letter request to submit the exhibits to Your Honor, *with* the proposed exhibits (in the event that this was a requirement) *and* the previously filed Objection (Response) to Summary Judgment all together for this court's reviewing convenience.

For some reason, the docket did not reflect this request to submit my exhibits although I clearly detailed the contents of my submission. The Clerk's office labeled my filing, instead and erroneously, as a "*Response to Summary Judgment*". When I wrote to the Court Clerk on April 30, 2026, I also emailed the Defendants to notify them of the error and to preempt any mischaracterization by them of my letter and intent to the court. That letter stated,

"*Ms. Kimura and Ms. Campbell,*

*There was an error on today's docket listing. For your information, I already sent the clerk an email regarding it which stated,*

*"Earlier today, I sent in a "Request to Submit Exhibits" letter to Judge Vargas with the proposed exhibits (from my Response to Summary Judgment) attached. However, that docket letter is titled "Response to Summary Judgment". This would not be correct. Would you mind adjusting the docket so that it reflects the letter request I am making of Judge Vargas please?*

*Thank you for helping me with this as I have other requests I would like to make this week."*

*I am sure this issue will be rectified shortly.*

*Kind regards,*

*Wendy Alicia Harte"*.

The Clerk did not respond (or make the correction yet) and the Defendants did not email me back to say anything, Campbell and Kimura could have asked clarifying questions as to what occurred but did not.

On May 8, 2026, the Defendants penned a letter to this court taking issue with the aforementioned docket entry request they knew definitively to be incorrect given the quoted material above in the notice I provided to them. Campbell and Kimura described to this court my request to submit the exhibits (with the proposed exhibits included) as a Response to Summary Judgment as well and then argued it as such knowing they were being deceitful. They had a heightened sense that their characterization, far from a simple error, was false and calculated to be so because of my email to them.

Although in the past four (4) years, the Defendants argued vehemently for the rightness of their defense, they seek now also to complain about and prevent revelation of pertinent information on the public record in the form of actual, verified, non-redacted emails and spreadsheet exhibits I made a request of the court to be allowed to submit.

To be clear, Defendants appear to not want this court to accept, or me to be allowed to submit, the evidence I referenced and quoted multiply which supports the claims and statements I made in my Response. I believed that evidence of this nature is what the Defendants would, instead, have *wanted* to have filed and made publicly available so as to substantiate their claims about me.

2)   Regarding the aforementioned exhibits, which the Defendants have indicated and pointed to (much of which they received as Discovery), what documents they did not receive I can provide to them now. I made sure to make clear during production and on the court record, which Defendants know, that if I discovered that I had emails relevant to this case but had not submitted them, I would do so when I could. During the deposition, Campbell made a comment about requesting more documents from me which came up at that time. She had no concern then although this was after production closed.

 The exhibits, moreover, are documents which Defendants have in their possession as internal communications of Defendant Pace which would have been locatable and identifiable by Bernard Dufresne ("*Dufresne*") at the time in December 2021 when I filed my complaint finally at Defendant Pace or by Defendant Baumann and Bundor when I complained earlier than that. My exhibits are therefore not surprise documents or beyond the case parameters.

3)   Respectfully, Defendants have argued repeatedly in filings, however inappropriately, to limit this case to their Removal letter and select other events while they claim the years 2013 to early 2021 are not relevant. However, they also claim now that they would have responded with particularity to the events listed from early in the Spring 2021 semester (the Bundor and Defendant Baumann spreadsheets) and prior to it which my Objection detailed. Campbell and Kimura are being disingenuous.

4) Finally, Campbell and Kimura mentioned an extension that I could have requested. At the same time, they have indicated that a "*Continuance*" is problematic. They also claimed that they needed the actual exhibits in order to respond to my Objection. First, respectfully, the exhibits I provided, for the most part, were copied and pasted into my filing. Yet, Defendants have behaved as if they did not have notice of the contents of the exhibits despite that quoted language and the email time and date stamps as other verifiers in my document response. The exhibits' contents are identical to what was found in the document.

The Defendants also stated that the emails were "*necessary*". Perhaps this is due to an abundance of caution but contradicts their continued redaction of student names. The Defendants had no cause to believe the quoted language was incorrect and knew it was correct by matching it to the exhibits. Therefore, Pace, Blackwood, Baumann and Hsu, all Defendants in this litigation, were not harmed by the lack of exhibits or submission of them but simply wish to limit and keep reiterating their wish to significantly make smaller a substantial case which spanned years from the start.

Respectfully, as an offer, I can provide the exhibits as production, exhibits which they had for at least a week but waited until their Reply was due to complain of for not having received them during production. Despite that wait, I do not object to Defendants receiving more time to respond to that part of my Objection which they felt they could not respond to, if, in fact, they had intended to respond to it given their emphasis, however wrong, that it is not relevant. I request that they provide a timeframe of days or weeks that they would require in order to respond upon receipt of those documents, if the court permits. I also do not object to a conference before the court on this matter.

Thank you.

Respectfully,

_____/s/_____

Wendy Alicia Harte