**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
WENDY A. HARTE,

                                        Plaintiff,                              **ORDER**

                    -against-                                    **22-CV-3820 (JAV) (JW)**

PACE UNIVERSITY, et al.,

                                        Defendants.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On January 21, 2026, this Court so-ordered a briefing schedule setting the following schedule: Defendants' Motion for Summary Judgment to be filed on March 2, 2026, Plaintiff's Opposition to be filed on April 10, 2026, and Defendants' Reply to be filed on May 8, 2026.  Dkt. No. 218.[1]

On March 2, 2026, Defendants filed a Motion for Summary Judgment, along with a Memorandum of Law, a Rule 56.1 Statement, and several affidavits and accompanying exhibits.  Dkt. Nos. 224-233.  Additionally, Defendants filed a notice to *pro se* litigant who opposes a motion for summary judgment.  Dkt. No. 234.  On April 11, 2026, Plaintiff filed a 112-page Opposition to Defendants' Rule 56.1 Statement.  Dkt. No. 238.

On April 12, 2026, Plaintiff filed a letter motion requesting permission to file all of the exhibits contained within her response.  Dkt. No. 240.  Plaintiff did not state

---

[1] Both Plaintiff and Defendants filed proposed briefing schedules.  Dkt. Nos. 216, 217. Plaintiff proposed a briefing schedule with earlier deadlines than the Court set and Defendants proposed a briefing schedule with later deadlines than the Court set.

a reason for failing to file the exhibits with her Opposition. Id.  On the same date Plaintiff filed a second 112-page Opposition. Dkt. No. 250. The Opposition is the same as the Opposition filed on April 11, 2026, except for the addition of Plaintiff's signature dated April 10, 2026. Id.

On April 15, 2026, Plaintiff filed a second letter motion requesting permission to attach exhibits to her Opposition.  Dkt. No. 242.  In that letter motion Plaintiff stated that she did not have time to complete her submission or attach the exhibits. Id.  Plaintiff acknowledged in her letter motion that she "could have requested an extension of this court regarding the Response," but did not.  Id.

On April 30, 2026, without leave from the Court, Plaintiff refiled her Opposition to Defendants' Motion for Summary Judgment with twenty-eight exhibits.  Dkt. No. 243.  On May 8, 2026, Defendants filed a letter motion to strike Plaintiff's April 30th filing because it was untimely and included numerous exhibits that are not in the record.  Dkt. No. 244.  On May 11, 2026 Plaintiff filed a responsive letter motion to Defendants' letter motion to strike stating that (1) she was overwhelmed by Defendants' deceit in their Motion for Summary Judgment and was unable to timely complete her submission; (2) she can provide documents that she did not produce in discovery now; (3) Defendants' prejudice argument in their letter motion is disingenuous; and (4) Defendants did not need the exhibits to submit their Reply because "the exhibits [Plaintiff] provided, for the most part, were copied and pasted into [her] filing."  Dkt. No. 249.

On May 26, 2026, Defendants filed a motion to "strike Plaintiff's belated Opposition to Defendants' Motion for Summary Judgment filed on May 22, 2026 (ECF 250)." Dkt. No. 251. However, there is no Opposition on the docket filed on May 22, 2026. Further, Dkt. No. 250 is Plaintiff's second Opposition that was filed on April 12, 2026. Dkt. No. 250.

On May 27, 2026 Plaintiff filed a letter explaining that the document titled Response to Summary Judgment "that was just posted on May 22, 2026, was filed by the Pro Se Court Clerk's Office due to an error that had been made weeks before, first by [Plaintiff] and then by the Clerk." Dkt. No. 252. Plaintiff explained that she first sent the Pro Se Clerk an unsigned version of her Opposition but sent a signed version within ten minutes of the first submission when she realized the error. Id. Plaintiff stated that she contacted the Pro Se Office several times but the signed version was not filed on the docket until May 22, 2026. Id.

On May 29, 2026 Defendants responded to Plaintiff's May 27th letter. Dkt. No. 253. Defendants urge the Court to disregard Plaintiff's filing because it is an untimely and unauthorized sur-reply. Id.

### A. Exhibits Not Produced in Discovery

Plaintiff untimely attached twenty-eight exhibits to her Opposition. Dkt. No. 234. Exhibits A-Q, with the exception of Exhibit MS (Dkt. No. 234-12), are not Bates stamped and were not produced by Plaintiff in discovery. See Dkt. No. 244 at 2.

Rule 26 of the Federal Rules of procedure requires a party to disclose during discovery any documents in its possession that support any claims or defenses. Fed.

R. Civ. P. 26(a),(e). "A party that fails to disclose information required by the rule cannot use the information to support a motion unless the failure to disclose was harmless or substantially justified." Jain v. Tulino, No. 22 Civ. 2751 (JGLC), 2025 WL 2774260, at *10 (S.D.N.Y. Sept. 29, 2025) (citing Fed. R. Civ. P. 37(c)(1)) (declining to consider exhibits appended to *pro se* plaintiff's summary judgment opposition because the exhibits were not produced in discovery).

Plaintiff did not dispute that Exhibits A-Q, with the exception of Exhibit MS, were not produced by Plaintiff and she failed to provide an explanation for that failure. Dkt. No. 249. Further, Plaintiff has not demonstrated that the failure to disclose the exhibits was harmless or substantially justified. Plaintiff had ample time to participate in the discovery process. On November 19, 2024, this Court ordered a discovery schedule wherein discovery was to be closed on August 14, 2025. Dkt. No. 92. Because of extension requests that were granted by this Court, including requests made by Plaintiff, discovery did not close until January 8, 2026. Dkt. No. 211. Accordingly, the Court will not consider Exhibits A-Q, with the exception of MS, because they were not produced in discovery. See e.g. Melie v. EVCI/TCI College Admin., No. 08 Civ. 5226 (HB), 2009 WL 1404325, at *1 n.4 (S.D.N.Y. May 20, 2009) (cleaned up), *aff'd*, 374 Fed.Appx. 150 (2d Cir. 2010) ("Plaintiff may not rely on this document on his opposition to summary judgment, as he did not provide a copy of it to Defendants in discovery.").

### B. Exhibits Not Referenced in the Opposition

Defendants assert that Exhibits R-Z,[2] Exhibit X9, and Exhibit Letter 5 that Plaintiff attached to her untimely April 30th Opposition, are not referenced in the Opposition itself. Dkt. No. 244. Plaintiff does not dispute the assertion that she failed to cite to these exhibits but explains that "[s]ome [references to exhibits] were marked with the word "*exhibit*" and other items were marked to indicate where an exhibit should be placed." Dkt. No. 249 at 2. In addition to the exhibits referenced by Defendants in their motion to strike, this Court does not see reference to Exhibit MS, or Exhibit REQUEST in the Opposition.

Rule 56 of the Federal Rules of Civil Procedure states that a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular materials in the record…" Fed. R. Civ. P. 56(c)(1). In ruling on a motion for summary judgment, "[t]he court need consider only the cited materials." Pennington v. D'Ippolito, 855 Fed.Appx.779, 782 (2d Cir. 2021) (citing Fed. R. Civ. P. 56(c)(3)). While the Court must afford *pro se* litigants "special solicitude" in the construction of pleadings, a *pro se* plaintiff is "not relieved of his or her duty to meet the necessary requirements to defeat a motion for summary judgment." Kornea v. Miller, No. 22 Civ. 4454 (PAE) (KHP), 2024 WL 1935912, at *3 (S.D.N.Y. Apr. 5, 2024), report and recommendation adopted, 2024 WL 1932857 (S.D.N.Y. May 2, 2024).

---

[2] Defendant asserts that Exhibits Q-Z, Exhibit X9, and Exhibit Letter 5 were not referenced in Plaintiff's Opposition. Dkt. No. 244. However, the Court already declined to consider Exhibit Q in Section A.

Though Exhibits R-Z, X9, MS, Exhibit REQUEST, and Letter 5 were produced, this Court will not consider them because they were not cited to by Plaintiff in her 212-page Opposition.  Plaintiff was provided with a notice to pro se litigant who opposes a motion for summary judgment, Dkt. No. 234, and failed to follow proper procedure under Rule 56.  Because there are no citations in the Opposition to the later attached exhibits, the Court need not and will not consider Exhibits R-Z, X9, MS, Exhibit REQUEST, and Letter 5.

## C. Plaintiff's Second and Third Oppositions

Plaintiff filed her first Opposition on April 11, 2026.  Dkt. No. 238.  Plaintiff filed her second Opposition, which was identical to the first Opposition except for the addition of her signature and date, on April 12, 2026.  Dkt. No. 250.  Plaintiff filed her third Opposition, which was identical to her second Opposition, except she appended 28 exhibits, on April 30, 2026. Dkt. No. 243.  Defendants urge the Court to disregard Plaintiff's untimely letter to the Court regarding her second and third Oppositions as an improper sur-reply.  Dkt. No. 253.  Given the confusion between Plaintiff and the Pro Se Office, the Court will consider Plaintiff's explanation in Dkt. No. 252 regarding the multiple Opposition filings.

The Court will afford Plaintiff, who is *pro se,* special solicitude and will consider the second Opposition.  Dkt. No. 250.  Plaintiff filed the second version of the Opposition only one day after the first version and the only difference is that affixed signature and date.  Furthermore, courts in this District frequently accept untimely filings by *pro se* litigants.  <u>See</u> <u>e.g.</u> <u>Kornea</u>, 2024 WL 193912, at *1 n.1 ("Although

Plaintiffs filed their motion for summary judgment well after the deadline to do so, the Court accepted the motion out of excessive solitude to the pro se Plaintiffs and in the interest of judicial economy."); Shin v. NBC Universal Media, LLC, No. 23 Civ. 10996 (LJL),  2025 WL 438297, at *5 (S.D.N.Y. Feb. 7, 2025).

## **CONCLUSION**

Because all of Plaintiff's exhibits were either not produced in discovery or not cited in her Opposition, Plaintiff's motion to submit her exhibits is **DENIED** and Defendants' motion to strike the untimely filed exhibits is **GRANTED**.  Defendants' motion to strike Plaintiff's untimely Opposition, Dkt. No. 250, is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 244 and 251.**

SO ORDERED.

DATED:    New York, New York
          June 1, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

7